USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-12-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x

J&J SPORTS PRODUCTION, INC.,          :

                    Plaintiff,     :     07 Civ. 8755 (LLS)(HBP)

  -against-                          :     REPORT AND
                                                     RECOMMENDATION
FRANCISCO HERNANDEZ and FRANK         :
POOL ROOM d/b/a "Frank Pool Room
Restaurant"                           :

                    Defendants.    :

-----------------------------------x

        PITMAN, United States Magistrate Judge:

        TO THE HONORABLE LOUIS L. STANTON, United States District Judge,

I.   Introduction

        On January 31, 2008, the Honorable Louis L. Stanton, United States District Judge for the Southern District of New York, referred this matter to me to conduct an inquest and to issue a report concerning plaintiff's damages (Docket Item 10). On January 31, 2008, Judge Stanton endorsed plaintiff's motion for a default judgment noting the default of both defendants (Docket Item 10).

        Pursuant to the Order of Reference, I issued a Scheduling Order on February 21, 2008 directing plaintiff to serve and file proposed findings of fact and conclusions of law by April

21, 2008 and directing the defendants to submit responsive materials by May 21, 2008 (Docket Item 11). My February 21, 2008 Scheduling Order further provided:

> 1. Plaintiff shall submit proposed findings of fact and conclusions of law concerning damages no later than April 28, 2008. All factual assertions made by plaintiff are to be supported by either affidavit or other material of evidentiary weight.
>
> 2. Defendants shall submit their responses to plaintiff's submissions, if any, no later than May 21, 2008. <u>**IF DEFENDANTS (1) FAIL TO RESPOND TO PLAINTIFF'S SUBMISSIONS, OR (2) FAIL TO CONTACT MY CHAMBERS BY May 21, 2008 AND REQUEST AN IN-COURT HEARING, IT IS MY INTENTION TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF PLAINTIFF'S WRITTEN SUBMISSIONS ALONE WITHOUT AN IN-COURT HEARING.**</u> See <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997); <u>Fustok v. ContiCommodity Services Inc.</u>, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")

(Emphasis in original). Plaintiff subsequently submitted a memorandum of law detailing proposed findings of fact and conclusions of law in support of its application for damages (Docket Item 13).

Despite having been served with a copy of the original Summons and Complaint, a motion for default judgment in this matter, and my February 21, 2008 Scheduling Order, defendants have not made any written submissions to the Court nor have they attempted to contact my chambers in any manner. Accordingly, on the basis of plaintiff's written submissions alone, I recommend

2

that the Court make the following findings of fact and conclusions of law.

II. Findings of Fact

    A. The Parties

        1. The plaintiff, J&J Sports Productions, Inc., is a California corporation with its principal place of business located in San Jose, California (Complaint ¶ 4[1], Docket Item 1).

        2. Defendant, Frank Pool Room, is a corporation organized under the laws of the State of New York, having its principal place of business at 185 East 167 Street, Bronx, New York 10452 (the "Establishment") (Plaintiff's Proposed Findings of Fact and Conclusions of Law Regarding Damages, dated April 29, 2008 ("Plf.'s Proposed Findings") at 2; Complaint ¶ 5).

        3. Defendant, Francisco Hernandez, is an officer, director, shareholder and/or owner of Frank Pool Room and was the individual with supervisory capacity and control over the activities occurring within the Establishment on February 25, 2006.

---

[1]As a result of defendants' default, all the allegations of the Complaint as to them, except as to the amount of damages, must be taken as true. Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158-59 (2d Cir. 1992); Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69-70 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973); Wing v. East River Chinese Rest., 884 F. Supp. 663, 669 (E.D.N.Y. 1995); Deshmukh v. Cook, 630 F. Supp. 956, 959 (S.D.N.Y. 1986).

    B.   Plaintiff's Business and the Defendants' Illegal Interception of Cable <u>Television Programming</u>

    4.   By contract, plaintiff was granted the exclusive right to distribute telecasts of the Vargas/Mosley boxing match, including all undercard or preliminary bouts, on February 25, 2006 (the "Program"), to defendants' geographic area (Complaint ¶ 8). The Program originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via encrypted satellite signal or closed circuit television (Plf.'s Proposed Findings at 2).

    5.   Pursuant to this contract, plaintiff entered into agreements with various entities in the State of New York, allowing them to exhibit the Program to their patrons (Complaint ¶ 11).

    6.   Plaintiff expended a substantial amount of money to transmit the Program only to those entities in the State of New York which had entered into agreements with plaintiff to exhibit the Program to their patrons (Complaint ¶¶ 8-12).

    7.   The defendants did not contract with plaintiff to receive or broadcast the Program at the Establishment (Complaint ¶ 13; Plf.'s Proposed Findings at 2).

    8.   With full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the

4

defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled the satellite signals by which the Program was transmitted and did exhibit the Program at the Establishment willfully and for purposes of direct or indirect commercial advantage or private financial gain (Complaint ¶¶ 16, 19).

9. Plaintiff has provided no evidence concerning the extent to which the defendants derived economic benefit from their illegal interception of the Program.

III. Conclusions of Law

10. This action arises under 47 U.S.C. §§ 553 and 605. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is properly established in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

11. The uncontroverted allegations of the complaint, taken together with all the reasonable inferences that can be drawn therefrom, Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981), demonstrate that the defendants have engaged in the unauthorized reception of the plaintiff's cable television programming in violation of Sections 553(a)(1) and 605(a) of the Communications Act, 47 U.S.C. §§ 553(a)(1) and 605(a).

12. Sections 553(a)(1) and 605(a) of the Communications Act both prohibit the unauthorized reception of any cable

television programming services which originate as satellite-delivered "radio communications." Cmty. Television Sys., Inc. v. Caruso, 284 F.3d 430, 434-35 (2d Cir. 2002); Int'l Cablevision, Inc. v. Sykes & Noel, 75 F.3d 123, 133 (2d Cir. 1996); see also Time Warner Cable of N.Y. City v. Taco Rapido Rest., 988 F. Supp. 107, 110-11 (E.D.N.Y. 1997); Cablevision Sys. Corp. v. Muneyyirci, 876 F. Supp. 415, 424-25 (E.D.N.Y. 1994). Since at least part of the Program's transmission was accomplished by satellite, the defendants' interception of the Program violated 47 U.S.C. §§ 553(a)(1) and 605(a). Cmty. Television Sys., Inc. v. Caruso, supra, 284 F.3d at 434-35; Int'l Cablevision, Inc. v. Sykes & Noel, supra, 75 F.3d at 131, n.4.

13. As a party possessing "proprietary rights" in the communications which the defendants intercepted, plaintiff is an "aggrieved person" and thereby authorized to bring this civil action against the defendants pursuant to 47 U.S.C. §§ 553(c)(2) and 605(e)(3)(a). In accordance with its statutory rights under 47 U.S.C. §§ 553(c)(3)(A) and 605(e)(3)(C)(i), plaintiff has elected to recover money damages against the defendants for their violations of 47 U.S.C. §§ 553(a)(1) and 605(a) in the form of statutory damages, as opposed to actual damages. The defendants' default has prevented plaintiff from discovering the financial benefits actually derived from defendants' unauthorized reception of the Program.

14. Although defendants' conduct has violated both Sections 553 and 605, plaintiff appears to have elected to recover damages under Section 605(e)(3)(C)(i)(II) only (Plf.'s Proposed Findings)[2]. In any event, when a defendant's conduct has violated both Sections 553 and 605, an aggrieved cable operator is "entitled to only one, non-duplicative recovery." J & J Sports Prods., Inc. v. Dehavalen, 06 Civ. 1699 (JGK)(MHD), 2007 WL 294101 at *2 (S.D.N.Y. Jan. 30, 2007); e.g. Garden City Boxing Club, Inc. v. Mendez, 05 Civ. 10001 (RMB)(AJP), 2006 WL 1305042 at *2 (S.D.N.Y. May 12, 2006), report & recommendation adopted by 2006 WL 1716909 (June 16, 2006); Time Warner Cable v. Barnes, 13 F. Supp.2d 543, 548 (S.D.N.Y. 1998); see Int'l Cablevision, Inc. v. Sykes & Noel, supra, 75 F.3d at 129. Accordingly, I shall assess damages under § 605 because doing so will yield a higher award. See Int'l Cablevision, Inc. v. Sykes & Noel, supra, 75 F.3d at 129; Cablevision Sys. N.Y. City Corp. v. Rosa, 01 Civ. 4822 (GEL)(JCF), 2002 WL 1446942 at *3 (S.D.N.Y. Apr. 3, 2002); Time Warner Cable of N.Y. City v. Olmo, 977 F. Supp. 585, 589 (E.D.N.Y. 1997). The range of statutory damages for a violation of section 605(a) is $1,000.00 through $10,000.00, except in cases where the violation occurred for

---

[2] Plaintiff alleged a violation of 47 U.S.C. §553 in Count II of its complaint, but omitted this claim from its Proposed Findings of Fact and Conclusions of Law. Therefore, I deem Plaintiff to have abandoned this claim.

7

direct or indirect commercial advantage or private financial gain.  47 U.S.C. § 605(e)(3)(C)(i)(II).  Where the violation was committed "willfully[3] and for purposes of direct or indirect commercial advantage or private financial gain . . . the court in its discretion, may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation . . . ." 47 U.S.C. § 605(e)(3)(C)(ii).

    15.  Plaintiff seeks $110,000 in statutory damages from the defendants for the interception of the Program, on the theory that the defendants willfully intercepted the Program illegally for commercial advantage and private financial gain.  Although I believe that the uncontroverted allegations of plaintiff's complaint establish that the defendants did willfully intercept the Program for the illicit purposes cited by plaintiff, I also believe that an award of the theoretical[4] maximum statutory

---

[3]Willfulness in this context can be demonstrated by a defendant's engaging in the affirmative act of installing and utilizing a "pirate" descrambler or some other device in order to illegally receive a transmission (Complaint ¶ 12).  See Garden City Boxing Club, Inc. v. Polanco, 228 Fed. Appx. 29, 30-31 (2d Cir. 2007), citing Time Warner Cable of N.Y. City v. Googies Luncheonette, Inc., 77 F. Supp.2d 485, 490 (S.D.N.Y.1999) ("Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems").

[4]Plaintiff arrives at the $110,000 figures by adding the maximum amount of statutory damages recoverable under Section 605(e)(3)(C)(i)(II) to the maximum amount recoverable under Section 605 (e)(3)(C)(ii).  It is not clear whether this aggregation of statutory damages is permissible.  Plaintiff cites no authority addressing the issue and my own research has not
(continued...)

damages is unwarranted here.  As United States Magistrate Judge Ellis has pointed out in <u>Kingvision Pay-Per-View, Ltd. v. Recio</u>, 02 Civ. 6583 (JSM)(RLE), 2003 WL 21383826 at *4 (S.D.N.Y. June 11, 2003):

> Courts have developed two approaches for determining statutory damages under § 605.  One approach is to calculate the award of damages by the number of patrons in the establishment at the time of the violation.  <u>See</u> <u>Taco Rapido Restaurant</u>, 988 F.Supp. at 111 (court awarded $50 per patron); <u>Googies Luncheonette</u>, 77 F. Supp.2d at 490 (court awarded $60 per patron).  Another approach is to award a flat sum for damages.  <u>See</u> <u>Kingvision Pay-Per-View, Ltd., v. Jasper Grocery</u>, 152 F.Supp.2d 438, 442 (S.D.N.Y. 2001) (court awarded $5,000); <u>2182 La Caridad Rest., Inc.</u>, 2002 WL 654137 at *3 (court awarded $3,400).

<u>See also</u> <u>Kingvision Pay-Per-View, Ltd. v. El Rey Bistec y Caridad, Inc.</u>, <u>supra</u>, 2001 WL 1586667 at *2.

      16.  I have, in the past, assessed statutory damages based on the number of patrons in the establishment while the Program was displayed.  <u>See</u> <u>e</u>.<u>g</u>. <u>Joe Hand Promotions, Inc. v. Fofana</u>, 06 Civ. 2099 (RJH)(HBP), 2007 WL 2298372 at *6 (S.D.N.Y. Aug. 9, 2007)(imposing $15,000 in damages at a rate of $250 per patron); <u>Kingvision Pay-Per-View, Ltd. v. Arnoat</u>, 06 Civ. 4811 (RPP)(HBP), 2007 WL 2076632 at *6 (S.D.N.Y. July 13, 2007) (calculating damages at a rate of $250 per patron).  Here, however, plaintiff has failed to present any evidentiary support

---

    [4](...continued)
disclosed any cases addressing the question.  Since I recommend that the amount to be awarded against the defendants is substantially less than $110,000, I need not resolve this issue.

for its assertion that there were thirty five (35) patrons present while the Program was being displayed (Plf.'s Proposed Findings at 2). Plaintiff has also failed to submit any evidence regarding the rates it charged other commercial establishments with similar capacity. Plaintiff's failure to submit any evidence for its factual assertions is unfathomable given the instruction in my February 21, 2008 Order that "[a]ll factual assertions made by plaintiff are to be supported by either affidavit or other material of evidentiary weight" (Docket Item 11). Accordingly, I decline to assess damages based on the number of patrons present at the time the Program was displayed.

17. Instead, I recommend that a damages award of $5,000 be imposed against the defendants here. This figure is in excess of the licensing fee that plaintiff probably would have charged and it is also more than Frank Pool Room would likely have made in profits from thirty five customers. As a result, this damage award will ensure that all of the defendants' profits are disgorged and, thereby, discourage the defendants and others from engaging in similar acts of cable piracy in the future. See J & J Sports Productions, Inc. v. Gonzalez, 08 CV 885 (CBA)-(JMA), 2008 WL 5050052 at *4-*6 (E.D.N.Y. Nov. 26, 2008)(imposing $1,000 in damages and an enhancement of $3,000 for willfulness); Joe Hand Promotions, Inc. v. Phillips, 06 Civ. 3624 (BSJ)(JCF), 2007 WL 2030285 at *4-*5 (S.D.N.Y. July 16, 2007)(imposing $3,000

in base damages and $3,000 in enhanced damages for repeated violations); Garden City Boxing Club, Inc. v. Guzman, 03 Civ. 8776 (DC)(JCF), 2005 WL 1153728 at *3 (S.D.N.Y. April 26, 2005) (awarding $5,000 in damages plus a $5,000 enhancement in damages for defendant's willful conduct); Kingvision Pay-Per-View, Ltd. v. Jasper Grocery, 152 F.Supp.2d 438 (S.D.N.Y. 2001)(imposing $5,000 in statutory damages and $10,000 in enhanced damages). Although this number is, to some extent, speculative, some speculation with respect to damages is permissible where, as here, defendants' default has prevented damages from being computed with greater certainty. Katz Communications, Inc. v. Evening News Assoc., 705 F.2d 20, 25 (2d Cir. 1983) (where the wrongdoer's conduct makes it impossible to ascertain damages with certainty, the court may resort to "reasonable conjectures and probable estimates to make the best approximation possible" (citation and internal quotation marks omitted)).

    18. Plaintiff also urges me to impose enhanced damages of $100,000 upon the defendants. In determining whether to award enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii), courts consider such factors as whether there is evidence of "repeated violations over an extended period of time; substantial unlawful monetary gains; significant actual damages to plaintiff; defendant's advertising for the intended broadcast of the event; defendant's charging a cover charge or charging premiums for food

and drinks." <u>Kingvision Pay-Per-View, Ltd. v. El Rey Del Bistec y Caridad, Inc.</u>, 01 Civ. 6562 (SHS), 2001 WL 1586667 at *2 (S.D.N.Y. Dec. 12, 2001); <u>see also</u> <u>Home Box Office v. Champs of New Haven Inc.</u>, 837 F. Supp. 480, 484 (D. Conn. 1993). Although the defendants' interception of the Program was illegal, it appears from the unsupported allegations contained in plaintiff's papers that defendants' use of the Program was limited. There is no allegation that the Establishment imposed a cover charge or admission fee to view the Program, and, thus, it does not appear that the defendants tried to sell Plaintiff's intangible property. Nor is there any evidence or even an allegation that the Establishment advertised its intended broadcast of the Program, charged premiums for food and drinks during the display of the Program, or received a substantial monetary gain. Lastly, there is no evidence that the defendants are repeat offenders. Based on these factors, I find that the most compelling inference is that the Establishment illegally intercepted and displayed the Program in order to induce customers to patronize the Establishment and thereby increase the sale of food and drink. Accordingly, I conclude that enhanced damages are not appropriate in this instance.

19. Given the default of the individual defendant, Francisco Hernandez, and the consequence that all allegations against him are deemed to be true, I also conclude that he is

responsible for the interception that occurred at the Establishment and that he is, therefore, jointly and severally liable for the damages recoverable with respect to this establishment. Kingvision Pay-Per-View, Ltd. v. Recio, supra, 2003 WL 21383826 at *4.

20. Section 605(e)(3)(B)(iii) of Title 47 requires a court to award to "an aggrieved party who prevails" the costs and reasonable attorneys' fees which it incurred in prosecuting its claims to judgment. In the Second Circuit, however, a party seeking to recover attorney's fees must submit contemporaneous time records that show "for each attorney, the date, the hours expended and the nature of the work done." N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). Transcriptions of contemporaneous time records containing the above information have been found to satisfy this requirement. See e.g. Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994) (accepting a "typed listing of [attorneys'] hours from computer records," in lieu of contemporaneous records, where the record showed that the attorneys "made contemporaneous entries as the work was completed, and that their billing was based on these contemporaneous records"); Johnson v. Kay, 742 F. Supp. 822, 837 (S.D.N.Y. 1990) ("Where the attorneys have provided the court with affidavits that have been reconstructed from contemporaneous records and that set forth all

13

charges with specificity, fees have not been denied."); Lenihan v. City of New York, 640 F. Supp. 822, 824 (S.D.N.Y. 1986) ("The Court routinely receives computerized transcriptions of contemporaneous time records from firms whose billing records are maintained in computers" as "a form convenient for the Court."). "Attorneys' fees applications that do not contain such supporting data, [however,] 'should normally be disallowed.'" Cablevision Sys. N.Y. City Corp. v. Diaz, 01 Civ. 4340 (GEL)(FM), 2002 WL 31045855 at *5 (July 10, 2002), quoting N.Y. State Ass'n for Retarded Children, Inc. v. Carey, supra, 711 F.2d at 1154, and citing Kingvision Pay-Per-View v. The Body Shop, 00 Civ. 1089 (LTS), 2002 WL 393091 at *5 (S.D.N.Y. Mar. 13, 2002).

21. Here, plaintiff has not submitted contemporaneous time records. Indeed, plaintiff has not submitted any document indicating even the amount of attorney's fees that it incurred in bringing this action. Accordingly, I respectfully recommend that plaintiff not be awarded attorneys' fees in this action.

IV. Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that damages be assessed against the defaulting defendants, Francisco Hernandez and Frank Pool Room, jointly and severally, in the amount of $5,000.00.

14

V.  <u>Objections</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report and Recommendation to file written objections.  <u>See</u> <u>also</u> Fed.R.Civ.P. 6(a) and 6(e).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Louis L. Stanton, United States District Judge, 500 Pearl Street, Room 2250, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Stanton.  FAILURE TO OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir. 1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        December 12, 2008

Respectfully submitted,

/s/ Henry Pitman

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Paul J. Hooten, Esq.
Paul J. Hooten & Associates
5505 Nesconset Hwy., Suite 203
Mt. Sinai, New York 11766

Francisco Hernandez
Frank Pool Room
185 East 167 Street
Bronx, New York 10452